### LONDON v. ATTIAS.

(Supreme Court, Appellate Term.   November 12, 1909.)

JUDGMENT (§ 17*)—PROCESS TO SUPPORT.
Where the record showed that both the original and alias summons were issued against Max F. Attis, and the proof of service showed that the summons was served "on Max F. Attias, sued as Attis," and the original summons was obviously so altered as to substitute as defendant Melody Attias, there was no proof that the latter was ever served with process, and a default judgment against him could not be sustained, and the action would be dismissed.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 25; Dec. Dig. § 17.*]

Appeal from Municipal Court, Borough of Manhattan, Second Dis- trict.

Action by Samuel London, Jr., against Melody Attias. From a de- fault judgment, defendant appeals. Reversed, and complaint dis- missed.

See, also, 116 N. Y. Supp. 28.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

Argued before GILDERSLEEVE, P. J., and SEABURY and LEHMAN, JJ.

Nathan H. Stone, for appellant.

Louis Spiegel, for respondent.

SEABURY, J. Justice requires that the judgment appealed from should be reversed, and the action dismissed. There is no proof before the court that the above-named defendant was ever served with process. The record shows that the original summons was issued against Max F. Attis, and the proof of service shows that the summons was served "on Max F. Attias, sued as Attis." The original summons has obviously been altered, so as to substitute as defendant "Melody Attias." The alias summons was also issued against Max F. Attis. The plaintiff having failed to prove that process was served upon the person against whom he has recovered a judgment, the judgment should be reversed, and the action dismissed.

The judgment is reversed, with costs, and the complaint is dismissed, with costs. All concur.